Beade, J.
 

 The plaintiff sued out an original attachment, and it was levied by the sheriff on the property of the defendant. The defendant replevied the property by giving to the sheriff a bond payable to the plaintiff, conditioned for the appearance of the defendant at the next court, to answer the plaintiff’s action. At the return term the de
 
 *8
 
 fendant appeared, and offered to plead. Tbe plaintiff objected, that the. defendant had not given a bond as required by the statute, and therefore could not plead. The court held that the bond was sufficient, and overruled the plaintiff’s objection.
 

 The 5th section of ch. 7, of the Revised Code, authorizes the defendant to replevy, by giving to the sheriff a “bail bond.’’ It is true that it does not proscribe that the bond shall be payable to the sheriff, but it does prescribe a “bail bond.”
 
 This,
 
 as is well settled, must bo payable
 
 to the sheriff;
 
 for, originally, it was for his indemnity alone; although, afterwards, it was allowed to be assigned to the plaintiff for
 
 Ms
 
 indemnity, and, by later legislation, to enure to the benefit of the latter, even without an assignment: see Rev. Code, c. 11, s. 2, which gives to the plaintiff a summary remedy thereupon by
 
 scire facias.
 

 The bond here may be good as a bond
 
 at common law,
 
 but it is not such an one as the statute requires ; and, therefore, the specific remedy upon it is not that to which the plaintiff would be entitled if it were such, i. e., a hail bond.
 

 We observe that the bond filed in this case is modelled upon that prescribed by Mr. Eaton, in his “ Forms,’’ a book of great accuracy, and in very general use. We suppose that his Honor’s opinion may have been founded upon that authority. The explanation is, that the phraseology of the statute under consideration has been altered since that work was published.
 

 There is error. This opinion will be certified to the court below.
 

 Per Curiam. Exception sustained.